**FILED**
**JUN 2 8 2023**
**U. S. DISTRICT COURT**
**EASTERN DISTRICT OF MO**
**ST. LOUIS**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| JAMES R. LAMBERT, | ) 4:23CR335-SEP/JSD |
| Defendant. | ) |

## INDICTMENT

### COUNT ONE

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

1. Federal law defined the term

   (a) "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(1));

   (b) "sexually explicit conduct" to mean actual or simulated--

   (i) sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex,

   (ii) bestiality,

   (iii) masturbation,

   (iv) sadistic or masochistic abuse, or

   (v) lascivious exhibition of the anus, genitals, or pubic area of any person (18 U.S.C. §2256(2)(A));

(c) "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C.§ 2256(6));

(d) "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

> (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or
>
> (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C.§2256(8)).

2. The "Internet" was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files.

3. On or between about January 1, 2007, and December 31, 2018, in the Eastern District of Missouri, and elsewhere,

**JAMES R. LAMBERT**,

the defendant herein, did knowingly use and induce "Victim 1," who was a minor, to engage in sexually explicit conduct, specifically, defendant recorded "Victim 1," subjected to a lascivious exhibition of the genitals, genital-genital contact, hand-to-genital contact and mouth-to-genital contact and said sexually explicit conduct was for the purpose of producing visual depictions of

such conduct, and such depictions were produced and transmitted using materials that have been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including computer,

in violation of Title 18, United States Code, Section 2251(a) and punishable under Title 18, United States Code, Section 2251(e).

## COUNT II

The Grand Jury further charges that:

4. The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

5. On or between about January 1, 2019, and May 18, 2023, in the Eastern District of Missouri, and elsewhere,

**JAMES R. LAMBERT**,

the defendant herein, did knowingly use and induce "Victim 2," who was a minor, to engage in sexually explicit conduct, specifically, defendant recorded "Victim 2," subjected to a lascivious exhibition of the genitals, genital-genital contact, hand-to-genital contact and mouth-to-genital contact and said sexually explicit conduct was for the purpose of producing visual depictions of such conduct, and such depictions were produced and transmitted using materials that have been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including computer,

in violation of Title 18, United States Code, Section 2251(a) and punishable under Title 18, United States Code, Section 2251(e).

## COUNT III

The Grand Jury further charges that:

6. The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

7. Between on or about January 1, 2007, and December 31, 2018, in the Eastern District of Missouri, and elsewhere,

**JAMES R. LAMBERT,**

the defendant herein, did knowingly transport Victim 1, a minor under the age of eighteen years, in interstate and foreign commerce, to include transportation of Victim 1 from Missouri into Illinois, Michigan, Nevada, Tennessee, France, Germany, Sweden and other interstate and foreign locations, with the intent to engage in sexual activity for which any person can be charged with a criminal offense,

in violation of Title 18, United States Code, Section 2422(a).

## COUNT IV

The Grand Jury further charges that:

8. The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

9. Between on or about January 1, 2007, and May 18, 2023, in the Eastern District of Missouri and elsewhere,

**JAMES R. LAMBERT,**

the defendant herein, did knowingly receive image files and video files of child pornography using any means and facility of interstate and foreign commerce, to wit the defendant knowingly

received image files and video files of child pornography via the internet, to include but not limited to images and videos of prepubescent children and minors engaged in acts of masturbation, sexual acts, sexual intercourse and the lascivious display of their genitals, in violation of 18 U.S.C. § 2252A(a)(2).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.      Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Sections 2251(e) and 2252A(a)(2) as set forth in Count 1 of the Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, including but not limited to the following:

- Toshiba laptop computer
- Acer laptop computer
- Alienware laptop computer
- Dell desktop computer
- Sony VAIO desktop computer
- Homemade white desktop computer
- Two Western Digital external hard drives
- a silver Apple iPhone cellular telephone
- an Apple iPod
- an Apple iPhone cellular telephone

2.  If any of the property described above, as a result of any act or omission of the defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FELMING
United States Attorney

_____
JILLIAN S. ANDERSON, #53918MO
Assistant United States Attorney